WIGGINTON, Chief Judge
(specially concurring).
By his final decree appealed in this case the chancellor set forth extensive findings of fact based upon the evidence adduced before him at the trial. It is the position of appellants that the facts as found by the chancellor and set forth in his decree entitle them to the relief prayed by their complaint, and that the court erred as a matter of law in denying that relief and dismissing the cause.
We have carefully reviewed the decree appealed and find that there is set forth therein certain findings of fact on which the evidence is not in conflict. We cannot agree with appellants that the uncontradict-ed facts entitle them to the relief sought by their complaint.
Following a pre-trial conference the chancellor entered an order setting forth the law applicable to the issues involved in the cause. It was there held that the plaintiffs must show that the defendants have made a false representation of a material matter which representation the purchaser had a right to rely on, and which representation the plaintiffs in fact did rely on to their detriment. It is an established principle in this state that in a suit seeking rescission of a contract to purchase property based upon fraud the fraudulent representations relied upon must be established by clear and convincing proof.[1] By his final decree the chancellor held that the evidence on this crucial issue was in sharp conflict and equally balanced as between the litigants. He therefore concluded that plaintiffs had failed to carry the burden of proof on the controlling issue involved in the case and had therefore failed to establish their right to the relief sought. Indulging the presumption that the chancellor’s summary of the evidence and findings of fact set forth in his decree reasonably conform to the evidence adduced before him and are therefore presumptively correct, it cannot be said that the appellants have clearly demonstated error in the decree. For this reason I concur in the opinion of affirmance.

. Bell Corp. v. Bahama Bar & Restaurant, Fla.1954, 74 So.2d 292.